UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GILBERT H. THOMAS,

Defendant.

Crim No. 06-29 (PLF/JMF)

FILED

MAR 0 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. The Grand Jury has indicted the defendant on conspiracy to distribute and possess with intent to distribute and possess more than 50 grams of crack cocaine, 500 grams of cocaine, and other related charges.

2. Information before the Grand Jury indicated that the defendant worked with his co-defendant in seven transactions and that each of them involved the sale of substantial quantities of crack cocaine to an undercover officer and confidential informant. The government characterizes the defendant as a conduit to his co-defendant, who actually conducted the transaction. This defendant would, for example, call the buyer as his co-defendant's behest and

arrange the transaction, negotiate the terms, and arrange for delivery. The transactions themselves were audio and video taped.

3. On March 1, 2005, the undercover officer and the confidential informant bought 250 grams of crack from the co-defendant, who is named in the indictment as Anthony Stewart but whose real name is Earl Cole. The government intends to file a superseding indictment, adding the name "Earl Cole." I will describe him as "Stewart," the name used in the present indictment.

4. On March 30, 2005 the undercover officer and the confidential informant bought substantial quantity of crack cocaine from Stewart for $14,000. $1,000 of this was put in this defendant's bank account.

5. On April 12, 2005, the confidential informant bought 47 grams of crack cocaine from Stewart. This defendant helped arrange this sale.

6. On July 28, 2005, Stewart sold 57 grams of crack cocaine to the undercover officer for $1,900.

7. On September 12, 2005, Stewart sold 128 grams to undercover officer for $3,600.

8. On January 7, 2006, the defendant and the undercover officer discussed the sale of two kilograms of crack cocaine for $50,000.

9. On January 26, 2006, Stewart met the undercover officer to make the sale that this defendant had arranged. The police arrested Stewart and in his car they found the two kilograms of crack that Stewart was going to deliver to the undercover officer.

**REASONS FOR DETENTION**

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The Statutory Standard**

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

3

   b.  Past conduct, history relating to drug or alcohol abuse;

   c.  Criminal history;

   d.  Record concerning appearance at court proceedings;

   e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The charges are based on transactions that are at the wholesale level and the final transaction involved two kilograms of crack cocaine. The sales were systematic, to the same buyer or buyers, and took place over nearly one year. If the government's case is credited, the evidence shows that the defendant and his co-defendant were in the long-term business of selling substantial quantities of crack cocaine.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant is a naturalized citizen who lives and works in Florida, where he is employed as the branch manager of a bank. He owns property in Georgia and Florida and is supporting children in the latter state.

**The weight of the evidence.** Defendant faces evidence of several sales to the same

4

person, a police officer and audio tapes that recorded his participation. At this point, the case against him seems quite formidable.

**History relating to drug or alcohol abuse.** There is no indication of drug use.

**Record concerning appearance at court proceedings and prior criminal record.** The defendant has no prior record.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.

While the defendant lacks a criminal record and has substantial ties to the Florida community, there must be weighed against them the substantial government case against him. If the government's case holds up, the jury will learn that the defendant is a partner in a substantial, long term drug selling operation that easily dealt in wholesale quantities of drugs, culminating in a potential purchase of $50,000 worth of crack. If that is true, defendant is hardly a small scale, street pusher. Moreover, his presence in the District, despite his roots in Florida, suggests either that he came to the District for a period of time to sell drugs with the intention of returning to Florida or that he travels here from Florida whenever he has to deal drugs. In either event, there is a substantial risk that he will not return when required or that, when he does, he will resume his drug dealings. His roots in the Florida community and lack of a prior criminal record do not rebut the presumptions that he will flee or endanger this community if he comes back. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

March 6, 2006